IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSEPH MICHAEL MAY                                                                                PLAINTIFF

v.                              Civil No. 07-5110

SHERIFF TIM HELDER;
NURSE RHONDA BRADLEY;
and OFFICER McGEE                                                                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Joseph Michael May, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 22, 2007. He proceeds *pro se* and *in forma pauperis*. When he filed the action, May was incarcerated in the Washington County Detention Center.

On August 24, 2007, May advised the court of a change in his address to a facility in Texarkana, Arkansas (Doc. 7). Since that time, May has filed no documents with the court. He has advised the court of no further changes in his address.

On May 2, 2008, defendants filed a motion to dismiss (Doc. 19). In their motion to dismiss, defendants note they have been unable to serve a copy of their motion for an extension of time (Doc. 18) on May. Defendants indicate they sent it to May's address listed on the docket sheet and it has been returned as undeliverable marked "return to sender–unable to forward." Defendants ask that this case be dismissed based on May's failure to keep the court and opposing counsel informed of his address and his failure to prosecute this action.

According to information available on the Arkansas JusticeXchange website, www.justicexchange.com, May was paroled from the Arkansas Department of Correction on March 7, 2008. He has failed since that date to contact the court with his new address. I

AO72A
(Rev. 8/82)

therefore recommend that the defendants' motion to dismiss (Doc. 19) be granted based on May's failure to keep the court informed of his current address and his failure to prosecute this action.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of June 2008.

/s/ *J. Marschewski*
  HON. JAMES R. MARSCHEWSKI
  UNITED STATES MAGISTRATE JUDGE